# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL M. METZ,**

              **Plaintiff,**

-vs-                                              Case No. 6:09-cv-1725-Orl-31GJK

**UNITED STATES, PAUL CRATTY, and
SECRETARY OF THE TREASURY,**

              **Defendants.**

_____

## ORDER

      This matter comes before the Court on the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) filed by the Plaintiff, Daniel Metz ("Metz"). Metz filed the instant suit on October 13, 2009, seeking to quash two summonses that had been issued by the Internal Revenue Service to local banks and to prevent the IRS from issuing any more summonses for his records. Metz contended that the IRS lacked authority to issue such summonses, lacked jurisdiction over him personally, and had committed a number of procedural violations. According to Metz, the IRS has issued several more summonses to various financial institutions since he instituted this case. Metz seeks an emergency, *ex parte* order enjoining the IRS from continuing to issue such summonses and prohibiting the recipients from complying with them.

      Metz has failed to demonstrate entitlement to such extraordinary relief. In Metz's motion, the only harm alleged to result from the issuance of these summonses is an invasion of his privacy. (Doc. 7 at 2). But Metz makes no effort to demonstrate how his right to privacy is actually being violated. Metz also fails to explain why the new batch of summonses must be quashed on an

emergency basis, when emergency relief was not sought with regard to the two summonses that had been issued before this suit was filed three weeks ago.

The bulk of the motion is simply a recitation of the standards for injunctive relief. Metz does not even attempt to explain, for example, how the turnover of his bank records would constitute irreparable harm, or why it is that he has a high likelihood of success on the merits with his argument that the Internal Revenue Service lacks the authority to compel examination of an unwilling taxpayer's financial records. Metz also fails to provide any support for his contention that the harm to him is so imminent that his motion must be considered without giving the Internal Revenue Service any opportunity to respond to it. In addition, Local Rule 4.05 sets forth a number of criteria to be followed by parties seeking a temporary restraining order, including a requirement that such motions be accompanied by a proposed from of order, which Metz did not provide.

Although Metz has failed to demonstrate any entitlement to the injunctive relief he now seeks, it is at least possible that he might be able to do so. Therefore, the instant motion will be denied without prejudice to his right to seek injunctive relief in the future by filing a properly supported motion.

In consideration of the foregoing, it is hereby **ORDERED** that the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 3, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party